**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RHONDA T. SPROLES,
        Appellant,

        v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DC-315H-14-0289-I-1

DATE: December 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Claudia Lynch, Esquire, Newport News, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant was appointed to a competitive-service GS-11 Social Worker position on January 28, 2013. Initial Appeal File (IAF), Tab 4 at 11. This appointment was subject to a 1-year probationary period. *Id*. At the time of her appointment, the appellant did not have any prior creditable federal service. *Id*. On December 11, 2013, the agency terminated the appellant for inadequate "conduct and professional manner." *Id*. at 6. The appellant filed a Board appeal contesting her termination. IAF, Tab 1 at 4.

¶3        The administrative judge issued an order, which advised the appellant on proving jurisdiction over her appeal. IAF, Tab 3 at 2-4. After the parties responded, the administrative judge, without holding a hearing, issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 4, Tab 6, Tab 10, Initial Decision (ID) at 1, 6-9. In pertinent part, the administrative judge found that the appellant's allegation that she was terminated, at least in part, because of her off-duty employment did not constitute a nonfrivolous allegation that she was terminated for conditions arising before her federal appointment,

and thus 5 C.F.R. § 315.806(c) was not a source of jurisdiction. ID at 7-9; IAF, Tab 6. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review. PFR File, Tab 3.

<u>The appellant has not made a nonfrivolous allegation that she was terminated for a pre-appointment reason.</u>

¶4 The administrative judge found that the Board lacks jurisdiction under 5 C.F.R. §§ 315.805, 315.806(c) because the appellant did not raise a nonfrivolous allegation that she was terminated for a pre-appointment reason.[2] ID at 7-9. We agree. On petition for review, the appellant's primary jurisdictional argument is identical to the argument she raised below: she alleges that her termination was at least partially based on her outside contract work, which she argues is a pre-appointment reason.[3] IAF, Tab 6 at 4; PFR File, Tab 1 at 5-7. She argues that her outside contract work was a pre-appointment condition because it was approved by the agency before she was appointed. IAF, Tab 6 at 4; PFR File, Tab 1 at 5.

¶5 An appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 11 (2008). Because the appellant did not make a nonfrivolous allegation of Board jurisdiction, we agree with the administrative judge's denial of her request for a hearing. Under 5 C.F.R. § 315.806(c), a probationary employee

---

[2] The administrative judge also found that the appellant lacked a statutory right of appeal under chapter 75 of Title 5 because she was a probationary employee with less than 1 year of federal civilian service. ID at 6. The appellant does not challenge this finding on review, and we find no reason to disturb the administrative judge's finding.

[3] The appellant has not argued that her termination was based upon either partisan politics or marital status, and thus 5 C.F.R. § 315.806(b) is not a source of jurisdiction here. *See Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008).

may appeal to the Board on the grounds that the agency terminated her appointment for reasons arising pre-appointment without complying with the procedural requirements of 5 C.F.R. § 315.805. *Blount*, 109 M.S.P.R. 174, ¶ 5.

¶6        Even if the appellant's off-duty employment was a consideration in her termination, it would not constitute a pre-appointment reason for purposes of 5 C.F.R. §§ 315.805, 315.806. The appellant alleges that the agency informed her that she was terminated because of her off-duty employment, and she alleges that the agency erroneously indicated that she did not properly report her off-duty employment. PFR File, Tab 1 at 6. Further, the appellant alleges that the agency was unaware that she secured approval for her off-duty employment from her interviewer prior to her appointment. *Id.* However, although the appellant was involved in the contract work before she was appointed, her involvement in that position after her appointment constituted post-appointment activity.

¶7        The appellant's arguments do not suggest that the agency terminated her because of her involvement in the outside contract work before she was appointed. Therefore, the appellant has not raised a nonfrivolous allegation that she was terminated for a pre-appointment reason. It is necessary to distinguish between a pre-existing condition, which in the instant case is the appellant's outside contract work, and the effect that condition has on her performance or conduct during her probationary period. *See Rhone v. Department of the Treasury*, 66 M.S.P.R. 257, 259 (1995). To the extent that the appellant has alleged that her off-duty employment was a consideration for her termination, it would be because of its effect on her post-appointment conduct and professional manner; thus it would not constitute a pre-appointment reason. The Board has found in similar cases that a pre-existing condition affecting post-appointment deficiencies does not constitute a pre-appointment condition. *See Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 14 (2013) (pre-appointment reasons do not include post-appointment performance or conduct deficiencies); *cf. Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 8 (2010) (even assuming that the

appellant's failure to qualify for a credit card was attributable to his pre-appointment credit history, his termination for failure to secure approval for a government credit card nonetheless would constitute a post-appointment reason for termination); *Holloman v. Department of the Navy*, 31 M.S.P.R. 107 (1986) (attendance problem caused by pre-existing medical condition is a post-appointment reason for termination).  The appellant's claim that the agency erroneously did not account for her allegedly having reported and obtained approval for her outside work prior to her appointment, PFR File, Tab 1 at 6, is not the equivalent of an allegation that the agency terminated her based on conditions arising pre-appointment.  Therefore, the appellant has not made a nonfrivolous allegation that the agency had to comply with the procedures set forth in section 315.805, and 5 C.F.R. § 315.806(c) is not a source of jurisdiction.

¶8       The appellant has submitted for the first time on review character references from her supervisors and coworkers, which were completed in December 2013. PFR File, Tab 1 at 9-12.  The Board normally will not consider evidence or legal argument raised for the first time in a petition for review absent a showing that it was not previously available despite the party's due diligence.  *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 16 (2013); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  The appellant does not offer any explanation for submitting character references for the first time on review, and thus we find this evidence is not a basis for disturbing the initial decision.  Further, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  We find that the new evidence is not material because it does not establish a nonfrivolous allegation that the appellant was terminated for a pre-appointment reason.

¶9       For the first time on review, the appellant alleges that the person who interviewed and hired her had filed an action against the agency and that the

appellant "was seen as her ally." PFR File, Tab 1 at 5. Further, the appellant claims that, "[c]onsequently, the agency went after [her], manufacturing false claims and terminating her employment during her probationary period." *Id.* The appellant also stated below that her termination "was taken in retaliation for [her] protected activities," but she did not further elaborate on this general assertion. IAF, Tab 1 at 4. The appellant has been represented by experienced counsel and has not argued that these allegations provide an independent basis for jurisdiction, and we discern no basis for so finding. *See* IAF, Tab 6 at 4, Tab 8 at 5; PFR File, Tab 1 at 5-7. We note that the appellant admitted that she has not filed a complaint with the Office of Special Counsel, IAF Tab 1 at 5, which would be a prerequisite to Board jurisdiction over an individual right of action appeal, 5 U.S.C. §§ 1214(a)(3), 1221(a); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.